No. 575

HAWKINS, Admr. v. UNION TRUST CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7614. Decided June 20, 1927.

1197. TRUSTS AND TRUSTEES—Vested rights—1. Where a trust agreement is executed by settlor and subsequently a second agreement is added thereto, in which amendment, disposition is made of a certain note, several persons being designated as beneficiaries, said property goes to the administrator upon death of the settlor and not to the persons named in the second agreement.

2. Court held that under the terms of the trust agreement, no present interest was conveyed, and that beneficiaries hereunder would not have a vested right.

First Publication of this Opinion

VICKERY, J.

Mrs. Catherine Hawkins, during her life, executed a trust agreement in which she appointed the Union Trust Co. her trustee, and turned over to it certain securities, among which were a note and mortgage amounting to $9500.00.

In this deed of trust, Mrs. Hawkins reserved the right to terminate the trust upon the giving of sxity days notice to the trustee, and the trustee likewise had the power to revoke the trust and terminate it upon sixty days notice. Provision was also made that any investments made by the Trust Co. must first meet with the approval of Mrs. Hawkins; and that upon her death, all the property should

pass to the personal representative of decedent.

Subsequent to the making of this trust it was sought by Mrs. Hawkins and the Trust Co. to make an amendment or addition to the original trust agreement whereby provision was made with respect to the disposition of the $9500.00 note, that said note should go to certain persons whom were named in this amendment to the original trust agreement.

The question arose in the Cuyahoga Common Pleas where it was determined that the property in question should be disposed of as provided in the second agreement. The administrator prosecuted error, and the Court of Appeals held:—

1. Construing the two agreements together, does not make any difference with respect to the rights of the parties to this action and the rights of the bank were not changed in any way. The same relation between Mrs. Hawkins and the Trust Co. existed after the second agreement, as it did before.

2. The effect of the second agreement was to make a testamentary disposition of the property upon the death of Mrs. Hawkins. That instrument lacked the formality which would convey property by last will and testament, and if the persons designated as beneficiaries that should receive the $9500.00 upon the death of Mrs. Hawkins, can acquire title, it must be by virtue of the trust agreement.

3. The most that can be gathered from this record is that Mrs. Hawkins had appointed the Trust Co. her agents to manage this property under her direction and that this relation might be terminated by the bank by Mrs. Hawkins or by either one. This clearly indicates that she had the control and custody of this property all the time, and this relation terminated upon her death.

4. The first agreement turned the property over to the administrator where it would have gone, had nothing been said in the agreement itself. The agreement remains the same except as to the method of disposition of the $9500.00 after her death.

5. For all intents and purposes, Mrs. Hawkins died intestate. It is an estate that is unadministered and it belongs to her estate, and the administrator had the right to acquire the possession of this property.

6. The words of the trust agreement are not sufficient to convey a present interest in that property; and the beneficiaries under this trust would not have a vested interest, and the property still remained the property of Mrs. Hawkins, and at her death, would pass to the administrator.

Judgment therefore affirmed.      ? ? ??

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Boyd, Cannon, Brooks & Wickham for Hawkins; Squire, Sanders & Dempsey for Trust Co.; all of Cleveland.